UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Hart, # 22184-171, | ) C/A No. 0:13-261-JFA-BM |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Piedmont Medical, | ) |
| Defendant. | ) |

This is a civil action filed *pro se* by a federal prison inmate. Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). However, even when considered under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B). The requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).



**BACKGROUND**

Plaintiff is a citizen of the Rock Hill area of South Carolina, but is currently housed in a federal prison in Florida as a result of a conviction and sentence entered by this court in *United States v. Hart*, Crim. No. 0:10-1074-MBS.  Plaintiff is attempting to sue the Piedmont Medical Center ("Piedmont") for alleged "medical indifference" under the Eighth Amendment to the United States Constitution.  ECF No. 1, Compl. 2.  His claim arises from treatment Plaintiff allegedly received for injuries caused by being hit by an automobile in 2002.  This is the third such attempt by this Plaintiff to pursue such a lawsuit in this court.  *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records).

When Plaintiff was a pretrial detainee in the York County Detention Center in December 2003, and again, while a federal inmate in the same prison where he is currently housed, Plaintiff filed very similar Complaints against Piedmont.  The court summarily dismissed both previous cases "without prejudice" and without issuing service of process for the medical center, because neither Complaint contained allegations that would support this court's exercise of subject matter jurisdiction over Plaintiff's cases.  *See Hart v. Piedmont Med. Ctr.*, Civil Action No. 0:12-2481-JFA;  *Hart v. Piedmont Med. Ctr.*, Civil Action No. 0:03-3803-JFA. Plaintiff did not file objections to the Reports and Recommendations issued in either of those cases, and he also did not file appeals to the Fourth Circuit Court of Appeals.

In his current Complaint, as in both prior cases, Plaintiff's allegations involve a period of time before he was incarcerated on October 2, 2002, when he was hit by a car and taken to Piedmont for medical care.  Plaintiff alleges that the first doctor who examined him at Piedmont did not recognize the severity of his injuries and sent him home with inadequate attention, requiring him to return to the hospital for additional care due to excessive pain.  None of the allegations of improper medical care at Piedmont show that Plaintiff was required to go to that medical center by any corrections official.  Instead, it appears that any residual physical problems that Plaintiff had from his treatment for a broken pelvis and other



injuries to his extremities at Piedmont Medical had no connection to any jail or prison stay by Plaintiff either before or after the October 2002 accident.

Additionally, Plaintiff does not include any allegations in his Complaint about the ownership and control of Piedmont Medical. He does not say that it is owned by the State of South Carolina, or by York County, or by the City of Rock Hill, nor does he allege that the doctors who supposedly mistreated him were employed by or under the control of any governmental entity. Finally, there are no allegations showing that Plaintiff ever changed his primary residency from South Carolina to Florida because of his current incarceration in that state.

## DISCUSSION

The Complaint in this case should be summarily dismissed for the same reason that both of Plaintiff's previously filed Complaints against Piedmont Medical were dismissed in 2004 and 2012: the allegations fail to show that this court has subject matter jurisdiction over the legal issues raised in the Complaint. As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

In order for this court to hear and decide a case, the court must, first, have jurisdiction over the subject matter of the litigation, and this federal court has an "independent obligation" to investigate the limits of its subject-matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This is so even when the parties "either overlook or elect not to press" the issue, *Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011), or attempt to consent to a court's jurisdiction. *See Sosna v. Iowa*, 419 U.S. 393, 398 (1975). It is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v.*



3

*Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted); *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). Our obligation to examine our subject-matter jurisdiction is triggered whenever that jurisdiction is "fairly in doubt", *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009), and it is to be presumed that a cause lies outside this limited jurisdiction. *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799). Further, the burden of establishing the contrary rests upon the party asserting jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the Complaint filed by the Plaintiff in this case do not fall within the scope of either form of this court's limited jurisdiction, and there is no other basis for federal jurisdiction evident on the face of the pleading.

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires ***complete*** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) <u>citizens of different States</u>[.]

28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). This court cannot exercise diversity jurisdiction over this case because both Plaintiff and Defendant are residents of South Carolina. Even though Defendant Piedmont Medical is a corporate or business entity and not a human being, it is still considered a "resident" of South Carolina as that term is legally understood. *See Huggins v. Winn-Dixie Greenville, Inc.*, 233 F.Supp. 667,



669 (D. S.C. 1964). Moreover, it is well settled that "[a] prisoner does not acquire a new domicile in the place of incarceration, but retains the domicile he had prior to incarceration." *Polakoff v. Henderson*, 370 F. Supp. 690, 693 (N.D. Ga. 1973). Thus, Plaintiff is also a South Carolina resident, despite his current location of incarceration in Florida. Even though Plaintiff's allegations would probably be sufficient to support a finding that the $75,000 jurisdictional amount would be in controversy in this case, this does not matter because, in the absence of diversity of citizenship, the amount in controversy is irrelevant.

Further, in the absence of diversity jurisdiction, this court cannot consider Plaintiff's allegations as medical malpractice claims against the Defendant because malpractice and negligence in general are state-based causes of action that are only properly considered by this court under its diversity or supplemental jurisdiction. *See, e. g.*, *Hardee v. Bio-Medical Applications of S.C., Inc.*, 370 S.C. 511, 636 S.E.2d 629 (2006); *David v. McLeod Reg'l Med. Ctr.,* 367 S.C. 242, 626 S.E. 2d 1 (2006); *Jones v. Doe,* 372 S.C. 53, 640 S.E. 2d 514 (Ct. App. 2006); *Ardis v. Sessions*, 370 S.C. 229, 633 S.E.2d 905 (Ct. App. 2006). As will be shown subsequently, because no viable claims under federal question jurisdiction are stated, there is also no basis for the court to exercise supplemental jurisdiction to consider any malpractice claim. In any event, there are no allegations showing that Plaintiff completed the various pre-filing procedures that are statutorily required before a person may file a medical malpractice claim against a medical provider in the state of South Carolina. *See* S.C. Code Ann. §§ 15-36-100; 15-79-120; 15-79-125.

Second, the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this court's "federal question" jurisdiction. Although Plaintiff uses the phrase "medical indifference" and cites to the eighth amendment of the United States Constitution as the basis for his claims, this court is not bound by such allegations and is entitled to disregard them if the facts do not support the contentions of federal or state action. When considering the



5

issue of whether a case is one "arising under the Constitution . . ." or, in other words, whether "federal question" jurisdiction is present, a federal court is not bound by the parties' characterization of a case. District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." *Lyon v. Centimark Corp.*, 805 F. Supp. 333, 334-35 (E.D. N.C. 1992); *see also Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908); *cf. Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109 (1936)("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."); *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review.").

Plaintiff does cite to 42 U.S.C. § 1983 and alleges "I can bring my complaint in Federal because I am suing state, county, or city employees for violating my federal rights under 42 U.S.C. § 1983." ECF No. 1, Compl. 5. However, in order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); see *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980). Because the United States Constitution regulates only the government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g.*, *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. at 937; *see U. S. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of Am., AFL-CIO*, 941 F.2d 1292 (2d Cir.1991).



6

In other words, purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not action-able under 42 U.S.C. § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). This court is fully entitled to disregard Plaintiff's allegations of "medical indifference" and "violations of federal law" against Defendant and his seeking the court's exercise of federal question jurisdiction based on a § 1983 claim because, as noted, there are no allegations in Plaintiff's Complaint which attribute any of Defendant's actions or inaction to *state* action. According to both of their internet websites, Piedmont Medical is a private hospital owned by Tenant Healthcare Corporation. Tenant Healtcare Corporation, in turn, is a "parent corporation" owned by private investors. *See* Piedmont Medical Center, http://www.piedmontmedicalcenter.com/en-us/careers/pages/default.aspx (last consulted Feb. 8, 2013 (11:52am)); *see also* Tenant Healthcare Corp., http://www.tenethealth.com/about/pages/default.aspx (last consulted Feb. 8, 2013 (11:54am)). In light of this information that is available to the public at large, Piedmont Medical is not a "state actor" owned by any public entity such as the State of South Carolina, York County, or the City of Rock Hill. Because the private hospital is the only named Defendant in this case, the court may disregard Plaintiff's unsupported and conclusory allegations about coverage by federal question jurisdiction based on a § 1983 "medical indifference" action "suing state, county, or city employees." ECF No. 1, Compl. 5.

Finally, because there is no basis on which this court can exercise federal question jurisdiction in this case, there is also no basis for it to exercise supplemental jurisdiction to review Plaintiff's allegations to the extent they may be liberally construed as asserting the state-law-based claim of medical malpractice against the one Defendant named in this case. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)

## **RECOMMENDATION**

Accordingly, because Plaintiff has had three separate opportunities to attempt to plead a



7

plausible federal claim against Piedmont Medical arising from its medical services to him in 2002, but has been unable to do so, it is recommended that the Court dismiss the Complaint in this case *with prejudice*. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).[1]

Additionally, in light of Plaintiff's continued filing of nearly identical allegations despite his now-obvious inability to correct the jurisdictional problems noted in two separate Complaints filed against the same Defendant for the same alleged wrongdoing, this case is frivolous and 28 U.S.C. § 1915A(b)(1) is applicable in this case. Hence, I also recommend that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). *See McLean v. United States*, 566 F.3d 391 (4th Cir. 2009).

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

February 20, 2013
Charleston, South Carolina

---

[1] As noted in Plaintiff's 2012 case, although generally not an issue for initial review, in all probability, any effort by Plaintiff to re-plead his claims against the Defendant would be futile due to the running of the South Carolina three-year statute of limitations for medical malpractice actions, which is also the same statute of limitations used for a federal claim of medical indifference under § 1983. As early as December 2003, Plaintiff was aware of a potential claim against the Defendant, thus he is over 8 years late in filing this action under the most lenient interpretation of the facts. *See* S.C. Code Ann.§ 15-3-530.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

